Miller Pump Service, Inc., Appellant v. Worcester Township Zoning Hearing Board, Appellee.

22

Argued March 6, 1981, before Judges Rogers, Mac-Phail and Palladino, sitting as a panel of three.

*Marc D. Jonas, Hamburg, Rubin, Mullin & Maxwell,* for appellant.

*Philip R. Detweiler,* with him *Jerome B. Nulty, Clemens, Nulty and Gifford,* for appellee.

Opinion by Judge Rogers, April 27, 1981:

Miller Pump Service Inc., the appellant in this zoning case, purchased the premises and business of a well drilling and pump sales and service enterprise which had existed for many years on Skippack Pike in Worcester Township, Montgomery County. The well drilling and pump establishment was a nonconforming use. Being dissatisfied with the business sign located on the property, Miller removed it and, without applying for the required permit of the township, commenced and almost completed the construction of

a new sign at a different location. The township zoning officer upon learning of the project ordered it removed. Miller then filed an application with the Zoning Hearing Board (1) appealing from the zoning officer's order, (2) advancing a substantive challenge to the validity of Section 1510 of the township zoning ordinance requiring the removal of nonconforming signs within three years from the adoption of the provision and (3) requesting variances from various zoning regulations prohibiting business signs in residential districts.

The Zoning Hearing Board conducted a hearing and granted a variance permitting Miller to have its new sign but with the conditions that a large shingled canopy surmounting the structure should be removed and that no illumination should be provided. Miller appealed the Board's decision to the Court of Common Pleas which upheld the Zoning Hearing Board's decision. Miller has appealed. We affirm the order of the court below on the opinion of the late Judge MILTON O. Moss, as hereafter supplemented.

Miller presses here two questions raised below which were not treated by Judge Moss. The first is an attack of the substantive validity of Section 1510 of the zoning ordinance providing, as we have said, that nonconforming signs may continue in use for a period of only three years from the date of the passage of the provision, which we understand was in 1972. Since the record shows that a nonconforming sign has been located on the Miller property since long before 1972 without hinderance, and since Miller's new sign has been allowed, subject to modification, by the Zoning Hearing Board and since there is nothing in the record suggesting that the township is seeking to enforce Section 1510 against Miller or anyone else, the question raised by the appellant is purely academic, not in issue in this case, and need not be answered.

Miller also poses as the ground for a new hearing before the Zoning Hearing Board questions concerning the conduct of the Zoning Hearing Board's counsel at the hearing. Review of the record demonstrates that the counsel of the Zoning Hearing Board seems to have misconceived his role as advisor to the Board and to have assumed the position of advocate for a public opposed to the application, which in this case was nonexistent. However, the same review of the record convinces us that this misconception did not result in any harm to Miller, which was the recipient of substantial, and no less than appropriate, relief.

Order affirmed.

ORDER

AND Now, this 27th day of April, 1981, the order of the Court of Common Pleas of Montgomery County made August 6, 1980, is affirmed.

Judge WILKINSON did not participate in the decision in this case.